**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bryan Stanley** | : | |
| **3415 29th Avenue Northeast** | : | |
| **Naples, Florida 34120,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No.** |
| | : | |
| **vs.** | : | **Judge** |
| | : | |
| **Historic Newark Basket, LLC** | : | **Magistrate** |
| **c/o Steven C. Coon, Statutory Agent** | : | |
| **7349 Ravenna Avenue** | : | |
| **Louisville, Ohio 44641,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT
### (Jury Demand Endorsed Hereon)

For his Complaint, plaintiff Bryan Stanley alleges:

## INTRODUCTION

1.     This lawsuit is necessary because defendant Historic Newark Basket, LLC flagrantly breached a contract to sell the historic Longaberger Basket Building to plaintiff Bryan Stanley. As part of the purchase contract, among other things, Historic Newark Basket promised to remove any mold in the building before closing. But it did not do so, and claimed that the buyer, plaintiff Bryan Stanley, had to accept the building anyway. In doing so, Historic Newark Basket breached its obligations under the purchase contract. Stanley is entitled to specific performance, damages, and any other remedies allowed by law or equity.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff, Bryan Stanley, is an individual. Stanley resides in and is a citizen of the state of Florida.

3.      Defendant, Historic Newark Basket, LLC, is an Ohio limited liability company with its principal place of business in Ohio.

4.      On information and belief, none of the members of Historic Newark Basket is a citizen of the state of Florida.

5.      On information and belief, Historic Newark Basket has only two members, both of whom are citizens of Ohio: Steven Coon and Robert George.

6.      This Court has personal jurisdiction over Historic Newark Basket because it is an Ohio LLC with its principal place of business in Ohio, because it owns the property that is the subject of this action in Ohio, because it committed the acts giving rise to relief in Ohio, and because (on information and belief) all its members reside in and are citizens of Ohio.

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because the property that is the subject of this action is situated in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

9.      Historic Newark Basket is the fee simple owner of the real property located at 1500 East Main Street, Newark, Ohio, Parcel Number 055-282708-00.000 (the "Property"). The Property consists of a roughly 180,000 square foot commercial building commonly known as the Longaberger Basket building, and the roughly 21.5 acres on which it sits.

10.     Historic Newark Basket purchased the Property from the Longaberger Company for a price of $1,200,000. The transfer to Historic Basket occurred in December 2017.

2

11.     Historic Newark Basket listed the Property for sale in 2021.

12.     In June 2021, Stanley made an offer to purchase the Property for $5,500,000. Historic Newark Basket accepted. The accepted contract was comprised of a document entitled "Real Estate Purchase Contract" along with a document designated "Couter Offer #1." This Complaint refers to these documents collectively as the "Purchase Contract." Exhibit A to this this Complaint is a true copy of the Purchase Contract.

13.     By accepting Counter Offer #1 as part of the Purchase Contract, Historic Newark Basket agreed to certain obligations. For example, it agreed: "Seller to complete the power washing of the building and remove the dead vegetation/debris in the parking lot before closing." It also agreed: "Seller to remove any mold in the building prior to closing."

14.     Stanley and Historic Newark Basket executed a Second Addendum to Purchase Agreement dated June 11, 2021 ("Second Addendum"). The Second Addendum modified certain purchase terms and set a closing date of February 15, 2022. Exhibit B to this Complaint is a true copy of the executed Second Addendum.

15.     The Second Addendum did not modify Historic Newark Basket's promises to complete the power washing of the building, remove dead vegetation/debris in the parking lot, or remove any mold in the building. Accordingly, even after the Second Addendum, Historic Newark Basket remained contractually obligated to perform these requirements before closing. Yet, Historic Newark Basket did not perform these promises.

16.     Historic Newark Basket did not complete power washing of the building as it had promised.

17.     Historic Newark Basket did not complete removing dead vegetation and debris from the parking lot as it had promised.

18.     Historic Newark Basket did not remove the mold from the building as it

promised. It purported to spray some surfaces in the building, but visual inspection shortly before

the scheduled closing date revealed substantial amounts of mold remained in the building.

19.     These photos show examples of mold remaining in the building, even after

Historic Newark Basket claimed they had removed all the mold:







20.     Historic Newark Building refused to provide Stanley copies of environmental reports and refused to grant Stanley's inspectors access to the building to do complete testing for mold presence.

21.     Instead, Historic Newark Building demanded that Stanley close on the building even though the mold had not been removed and threatened to sue him if he did not do so.

22.     On or about January 21, 2022—after the parties executed the Second Addendum but before the closing date—Governor DeWine announced that Intel Corporation had chosen a site in Licking County as the future home for its most advanced semiconductor manufacturing facilities in the world. It was after this announcement that Historic Newark Basket refused to allow Stanley's environmental inspectors on the property to inspect the mold situation. In March, Historic Newark Basket principal Steven Coon said to news media that he now does not wish to sell the Property, and wants to explore all development avenues for the property in the wake of

Intel's planned $20 billion investment in Licking County. Intel's planned development in Licking County has likely increased the value of the Property.

## COUNT ONE – BREACH OF CONTRACT

23.     Stanley incorporates the above allegations by reference as if fully restated here.

24.     The Purchase Contract was an enforceable contract between Stanley and Historic Newark Basket. Both parties manifested their mutual assent to its terms, and the contract was supported by consideration.

25.     Stanley substantially performed all his obligations and satisfied any conditions precedent under the Purchase Contract as modified, and was ready, willing, and able to close on the Property if Historic Newark Basket would have substantially performed all its obligations.

26.     Historic Newark Basket materially breached the Purchase Contract.

27.     Stanley has suffered harm as a direct and proximate result of Historic Newark Basket's breach of the Purchase Contract.

28.     Stanley is entitled to specific performance of Historic Newark Basket's obligations under the Purchase Contract, including complete power washing of the building, complete removal of dead vegetation and debris from the parking lot, complete removal of any mold from the building, and closing of the sale of the Property. Alternatively, or in addition to specific performance, Stanley is entitled to recover damages from Historic Newark Basket for its breach of the Purchase Contract as modified, including for any positive difference between the value of the Property and the purchase price, lost profits, expenses, and/or lost opportunity. Amounts of all such damages are not yet fixed and determined, but will be proven and determined at trial.

**WHEREFORE,** plaintiff Bryan Stanley respectfully requests judgment in his favor and against defendant Historic Newark Basket, LLC, ordering 1) specific performance of Historic Newark Basket, LLC's obligations under the Purchase Contract as modified; 2) alternatively or in addition, compensatory damages in the amounts proven and determined at trial, but exceeding $75,000; 3) recovery of the costs and attorney fees incurred in prosecuting this action; and 4) all other legal and equitable the Court deems proper.

Respectfully submitted,

/s/ Barton R. Keyes
Barton R. Keyes          (0083979)
bartk@cooperelliott.com
Chelsea C. Weaver          (0096850)
chelseaw@cooperelliott.com
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorneys for Plaintiff
Bryan Stanley

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Barton R. Keyes

# EXHIBIT A



# Licking County Board of REALTORS®



Seller's Realtor: Brandon Hess                Buyer's Realtor: Julie Judge

## COUNTER OFFER                              COUNTER OFFER # 1

Date: 6/28/2021

The offer to purchase the real property known as 1500 East Main Street, Newark, OH 43055

Between the Sellers: Historic Newark Basket, LLC

and the Buyers: Bryan Stanley                     dated June 11, 2021

is not accepted in its present form, but the following counter offer is hereby submitted:

Purchase price to be $5,500,000.00.  Buyer to have 60 days to obtain financing.

There will be no "Additional Terms and Conditions" as a continuation of paragraph 3.1.

Seller to complete the power washing of the building and remove the dead vegetation/
debris in the parking lot before closing.

Seller will assist with providing vendors to bid on "needed repairs" but cost will be
the responsibility of the Buyer.

Within 5 days of the contract being fully executed, Buyer shall deposit $50,000 with
Seller's title company as an earnest money deposit. Language in section 16 of the
purchase contract to apply with the earnest deposit.

Seller to remove any mold in the building prior to closing.

**OTHER TERMS:  All other terms remain the same.**

**SELLER'S RIGHT TO ACCEPT OTHER OFFERS:**  It is understood by all parties that the Seller has
the right to accept any other offer prior to acceptance of this offer and delivery of the signed acceptance.

**EXPIRATION:** This Counter Offer shall expire unless a copy hereof with written acceptance is delivered

to: The Sellers                          or his agent by 6 pm   o'clock on 07  /01  /2021
                                                        ( time )              (date)

*Bryan Stanley*          dotloop verified
                         06/28/21 5:30 PM EDT
                         LCZY-DVVT-RHMK-UFXU        BY *Steve Coon*

SIGNATURE                                SIGNATURE

**Bryan Stanley**                        Steve Coon          June 28, 21

Print Name                               Print Name

**ACCEPTANCE:  The undersigned accepts the above counter offer.**

SIGNATURE                    Date        SIGNATURE                    Date

Print Name                               Print Name

The Columbus REALTORS® purchase contract shall be printed in 11-point Arial font, and all deviations in the standard form must be printed in `12 point or larger` **`courier font in bold`**. Use of **`courier font in bold`** denotes deviation from the standard Columbus REALTORS® purchase contract. All deletions from the standard form are to be noted by "strike out".

# REAL ESTATE PURCHASE CONTRACT
## Industrial – Investment – Commercial – Multi-Family – Land



*It is recommended that all parties be represented by a REALTOR® and an Attorney.*

DATE **06/10/2021**

1. **PROPERTY DESCRIPTION:** Buyer offers to purchase from Seller through Broker(s), the following described real estate including, without limitation, all improvements, fixtures, appurtenant rights, privileges, and easements located in the County of **Licking**                    , and the State of Ohio known as:

**1500 E Main Street, Newark, Ohio 43055**

**General commercial building known as the Longaberger Basket consisting of 180,000 square feet and the 21.5 acres upon which the same is situated. Parcel #: 055-282708-00.000**

(hereinafter referred to as "Property").

2. **PRICE AND TERMS:**
The purchase price is: $ **6,000,000 (six million dollars)**

Payable as follows:
**1) Cash at closing. 2) This contract is contingent upon Buyer obtaining financing for the purchase of the property.**

3. **ADDITIONAL TERMS:**
**1) See Additional Terms and Conditions to be made an integral part of this contract**

4. **DEED:**
4.1 The Seller shall convey to the Buyer marketable title in fee simple by transferable and recordable limited warranty deed, with release of dower, if any, or fiduciary deed, as appropriate, free and clear of all liens and encumbrances not excepted by this contract, and except the following:
   (a) those created by or assumed by the Buyer;
   (b) those specifically set forth in this contract;
   (c) zoning ordinances;
   (d) legal highways;
   (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use; and
   (f) all coal, oil, gas and other mineral rights and interests previously transferred or reserved of record.

© 2020 Columbus REALTORS® – 12/16/2020

dotloop signature verification: dtlp.us/1RKU-QfgT-SAI7

PROPERTY ADDRESS: <u>1500 E Main Street, Newark, Ohio 43055</u>                          Page 2 of 9

4.2 Seller has not transferred, conveyed, or reserved, nor does Seller have any knowledge of any prior transfers, conveyances or reservations of any coal, oil, gas, or other mineral rights or interests in the premises, except for the following (none if nothing inserted):_____.

## 5. CONTINGENCIES:

(a) If Buyer does not give written notice to Seller within the time frames set forth below that the contingencies have been satisfied or that Buyer wishes to terminate this transaction, then the below contingencies are deemed to have been waived.

(b) Within <u>3</u> business days after the full execution of this real estate purchase contract, Seller shall provide the following for the buyer's inspection: (i.e. leases, service contracts, summaries of unwritten contracts, etc.). Buyer shall have <u>10</u> business days upon receipt of above documentation to disapprove.

> **Seller to also provide copies of any and all inspections and repairs completed since owning the property along with an itemized list of knows needed repairs and costs in order for the Buyer to obtain an occupancy permit considering the Seller's expertise in architectural restoration & masonry construction**

(c) Environmental Inspection: (This paragraph 5c not applicable if number of days not inserted.) Within <u>25</u> days after the acceptance hereof, Seller agrees to permit Buyer, Buyers' lender, and the qualified professional environmental consultant or any of them to enter the Property to conduct, at the expense of Buyer, an environmental site assessment. Buyer agrees to indemnify the Seller from and against any physical damage to the Property arising out of any inspection performed on Buyer's behalf.

If such assessment is obtained and the consultant recommends further inspection to determine the extent of suspected contamination or recommends remedial action, Buyer, at Buyer's option, may notify Seller in writing, within the above-specified period, that the contract is terminated, but Buyer's obligations under this paragraph 5c shall survive. The parties agree that the Buyer's earnest money deposit shall be disbursed pursuant to paragraph 16.

(d) Property Inspection: (This paragraph 5d not applicable if number of days not inserted.) Buyer, at Buyer's expense, shall have <u>25</u> days after the acceptance hereof to have the Property and all improvements, fixtures, and equipment inspected. Seller shall cooperate in making the Property reasonably available for such inspection(s).

Buyer shall be responsible for the repair of any damages caused by the Buyer's inspections and tests; repairs shall be completed in a timely and workmanlike manner at Buyer's expense. Buyer agrees to pay any litigation expenses, including reasonable attorney fees incurred by Seller as a result of any claims resulting from such inspection and to indemnify Seller for any resulting damages.

If Buyer is not satisfied with the condition of the Property as disclosed by such inspection(s), Buyer may terminate this contract by delivering written notice of such termination to Seller within the above specified period that the contract is null and void. The parties agree that the Buyer's earnest money deposit shall be disbursed (pursuant to paragraph 16).

Buyer is aware that any reference to the square footage of the premises, both the real Property (land) and improvements thereon, is approximate. If square footage is a material matter to the Buyer, it must be verified during the inspection period.

dotloop signature verification: dtlp.us/1RKU-QfgT-SAI7

PROPERTY ADDRESS: <u>1500 E Main Street, Newark, Ohio  43055</u>                          Page 3 of 9

(e) Utilities: (This paragraph 5e not applicable if number of days not inserted.) This offer is contingent upon Buyer's satisfaction of the availability of utility connections for water, sanitary sewer, storm sewer, gas, and electricity being located in a public street or right of way, or other form of public utility easement adjoining the Property at the Property line, within <u>25</u> days after acceptance hereof.

(f) Feasibility: (This paragraph 5f not applicable if number of days not inserted.) Buyer shall have determined to Buyer's sole satisfaction, at Buyer's expense, that Buyer's intended development is financially feasible including, without limitation, Buyer's approval of all site preparation costs. Financial feasibility studies and all site preparation costs must be approved by Buyer within <u>60</u> days after acceptance hereof.

(g)  Zoning & Permits: (This paragraph 5g not applicable if number of days not inserted.) This offer is further contingent upon Buyer obtaining rezoning, if necessary, from all applicable authorities from the current zoning to allow for Buyer's intended use which is <u>mixed use</u>, and Buyer obtaining all necessary permits, agreements, approvals (site plan/building permits), and licenses from all applicable authorities for Buyer's proposed development, by Buyer within <u>60</u> days after acceptance hereof.

Any and all costs related to Buyer obtaining such rezoning, permits, agreements, approvals and licenses shall be borne by Buyer.  Seller shall execute the zoning application if needed and shall cooperate with Buyer in obtaining said rezoning, but Seller shall not be required to personally attend any meetings.

(h) Other Contingencies:

[blank box]

(i). If this Contract is terminated pursuant to Paragraph 5, then, with the exception of Buyer's indemnification and hold harmless obligations arising under Paragraph 5, Buyer and Seller shall be released from all obligations arising under this Contract.

6. **RENTS, INTEREST, CONDOMINIUM CHARGES, INSURANCE, UTILITIES AND SECURITY DEPOSITS:** Adjustments shall be made through date of closing for: (a) rents; (b) interest on any mortgage assumed by Buyer; (c) condominium or other association periodic charges; (d) transferable insurance policies, if Buyer so elects; and (e) any community development charge applicable to the premises that was created by a covenant in an instrument recorded at (insert county) <u>Licking</u>, Vol._____/Page No. <u>25</u> or Instrument No._____. **[Note: if the preceding blanks are not filled in and a community development charge affects the Property, this contract may not be enforceable pursuant to R.C. 349.07.]** Security deposits, if any, shall be transferred to Buyer. Seller shall pay, through date of possession, all accrued utility charges and any other charges that are or become a lien.

© 2020 Columbus REALTORS® – 12/16/2020

PROPERTY ADDRESS: <u>1500 E Main Street, Newark, Ohio 43055</u>                    Page 4 of 9

7. **FIXTURES AND EQUIPMENT:** The consideration shall include fixtures owned by Seller including, but not limited to: heating, ventilating, air conditioning (HVAC) and humidifying equipment and their control apparatus; window coverings and awnings; internal wiring for communication system, telecommunication wiring and cables, whether now in or on the Property or in storage; security systems and controls; smoke alarms; and the following:

**all furnishings, equipment, and furniture excluding items in the basement that belong to the current tenant**

7.1  The following leased items shall be excluded:

8. **DAMAGE OR DESTRUCTION OF PROPERTY:** Risk of loss to the Property and appurtenances shall be borne by Seller until closing. If any part of the Property covered by this contract is substantially damaged or destroyed before this transaction is closed, Seller shall give a written notice to Buyer and/or Buyer's Broker that the damage or destruction has occurred. Such notice must include all pertinent information regarding insurance policies and claims covering the Property that has been damaged or destroyed. The written notice shall be delivered within forty-eight (48) hours from discovery of the event causing the damage or destruction. Buyer may (a) proceed with the transaction and be entitled to all insurance proceeds, if any, payable to Seller under all policies covering the Property, or (b) rescind the contract, by giving written notice to Seller and/or Seller's Broker within ten (10) calendar days after Broker has received written notice of such damage or destruction. If Buyer elects to rescind, then all parties are released from liability and the earnest money deposit shall be disbursed to Buyer pursuant to paragraph 16. Failure by Buyer to so notify Seller or Broker shall constitute an election to proceed with the transaction.

9. **EMINENT DOMAIN:** If, prior to the date of closing, eminent domain proceedings shall be threatened or commenced against all or any part of the Property, Seller shall give a written notice to Buyer and/or Buyer's Broker within forty-eight (48) hours of Seller's receipt of notice of the threatened or commenced eminent domain action setting forth the pertinent terms of the threatened of commenced eminent domain action. Buyer may: (a) elect to proceed to close the purchase of the Property in accordance with the terms of this contract, in which event the Buyer shall be entitled to all payments payable to Seller on account of such taking as is applicable to the portion of the Property being purchased; or (b) elect to terminate this contract. If Buyer elects to terminate this contract, it shall so notify Seller in writing within 15 days after Buyer has received written notice from Seller of such taking. Failure by Buyer to so notify Seller shall constitute an election to proceed to close on the purchase of the Property, and Buyer shall be entitled to all payments on account of such taking. Seller represents and warrants that it has no knowledge of any threatened taking which would affect, involve, or be adverse to the Property.

10. **CONDITION OF IMPROVEMENTS:** Seller agrees that upon delivery of deed, the improvements constituting part of the Property shall be in the same condition as that on the day of this offer, reasonable wear and tear excepted and damage accepted by Buyer under Paragraph 8.

dotloop signature verification: dtlp.us/1RKU-QfgT-SAl7

PROPERTY ADDRESS: <u>1500 E Main Street, Newark, Ohio 43055</u>                    Page 5 of 9

11. **EVIDENCE OF TITLE:** Seller shall furnish and pay for an owner's title insurance commitment and ALTA policy in the amount of the purchase price. Within _____ days after acceptance (if left blank, the number of days will be 15), Seller shall cause to be delivered to Buyer or Buyer's Broker a copy of the commitment. At closing, title evidence shall be certified to within thirty (30) days prior to closing with endorsement not before 8:00 a.m. on the business day prior to the date of closing, all in accordance with the standards of the Columbus Bar Association. The title evidence shall show in Seller marketable title in fee simple free and clear of all liens and encumbrances except: (a) those created by or assumed by Buyer; (b) those specifically set forth in this contract; (c) zoning ordinances; (d) legal highways; (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use (or Buyer's intended use which is _____); and (f) all coal, oil, gas, and other mineral rights and interests previously transferred or reserved of record. Buyer shall pay any additional costs incurred in connection with mortgage title insurance issued for the protection of Buyer's lender.

If title to all or part of real estate is unmarketable, as determined by Ohio law with reference to the Ohio State Bar Association's Standards of Title Examination, or is subject to liens, encumbrances, easements, conditions, restrictions, or encroachments other than those excepted in this contract, Seller shall, within thirty (30) days after a written notice thereof, remedy or remove any such lien, etc. or obtain title insurance without exception therefore.

In the event Seller is unable to remedy to insure against the defect within the thirty (30) day period, Buyer may terminate this contract. Buyer's earnest money deposit shall be disbursed pursuant to paragraph 16.

At closing, Seller shall sign an affidavit with respect to off-record title matters in accordance with the community custom.

Seller shall provide the base policy coverage for the applicable ALTA policy. Buyer is responsible for the cost of any coverage that requires additional premium for endorsements or the deletion of any standard exceptions.

12. **SURVEY:** If Buyer desires a survey, Buyer shall pay for it. However, if the County Engineer or Tax Map Office requires a new survey and legal description as a condition to transfer of the Property, Seller will pay the cost.

13. **TAXES AND ASSESSMENTS:** At closing, Seller shall pay or credit on purchase price all delinquent taxes, including penalty and interest, all assessments that are a lien on the date of contract and all agricultural use tax recoupments for years prior to the year of closing. At closing, Seller shall also pay or credit on purchase price all other unpaid real estate taxes that are a lien for years prior to closing and a portion of such taxes and agricultural use tax recoupments for year of closing, prorated through date of closing and based on a 365-day year and, if undetermined, on most recent available tax rate and valuation, giving effect to applicable exemptions, recently voted millage, change in valuation, etc., whether or not certified. Seller has received no written notification from public authority or owners' association of future improvements that would result in costs being assessed against the real estate. Real estate taxes and assessments are subject to retroactive change by government authority. The real estate taxes for the Property for the current tax year may change as a result of the transfer or as a result of a change in the tax rate.

14. **BUYER'S EXAMINATION:** Buyer is relying solely upon Buyer's own examination of the Property and inspections herein required, if any, concerning physical condition, character, size and suitability of Buyer's intended use.

© 2020 Columbus REALTORS® – 12/16/2020

dotloop signature verification: dtlp.us/1RKU-QfgT-SAI7

PROPERTY ADDRESS: <u>1500 E Main Street, Newark, Ohio  43055</u>                          Page 6 of 9

This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein.  Time is of the essence for all provisions of this contract.  All provisions of this contract shall survive the closing. Buyer is not relying upon any representations by the Broker(s).

15. **INDEMNIFICATION, ENVIRONMENTAL DISCLAIMER BY BROKER:**  Seller agrees to defend and indemnify Broker(s), for any breach of warranty or for any misrepresentation or concealment of fact by Seller in connection with the Property.

The parties acknowledge that Broker(s) have made no independent investigation to determine whether hazardous materials exist in, on or about the Property.  Buyer and Seller understand that any such determination requires the expertise of a specialist in hazardous materials, the retaining of which is the responsibility of Buyer and/or Seller and not that of the Broker(s).

16. **EARNEST MONEY DEPOSIT:**

Within _____ days of the contract being fully executed, Buyer shall deposit with _____
_____ (the "Holder") earnest money of $ _____.

In the event that a title company shall serve as a Holder of the earnest money, and such title company requires the parties to execute an addendum or other agreement with respect to the title company serving as Holder, then the parties agree to execute such addendum or other agreement.

16.1 Holder shall maintain the earnest money until one of the following occurs:

(a) The transaction closes, at which time Holder shall disburse the earnest money to the closing agent or pursuant to the terms of the purchase contract;

(b) The parties direct the Holder, pursuant to written instructions signed by both parties, how the earnest money is to be disbursed.

(c) The Holder is directed by court order how the earnest money is to be disbursed; or

(d) The earnest money becomes unclaimed funds, as defined in R.C. 169.02(M)(2).  After providing notice as required by R.C. 169.03(D), Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

16.2 If Holder holds the earnest money for two years, and the parties have failed to provide Holder with written instructions, signed by both parties, or a court order that directs Holder how to disburse the earnest money deposit, then Holder shall as soon as possible return the earnest money to Buyer without notice to Seller.  If Holder cannot locate Buyer, Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

16.3. The return of the earnest money deposit shall in no way prejudice the rights of Seller, Buyer or Broker in any action for damages or specific performance.

17. **CLOSING AND POSSESSION:**  This contract shall be performed and this transaction closed on or before _____ or within **30** _____ days after all contingencies are removed if sooner unless the parties agree in writing to an extension. Buyer is entitled to possession at closing, subject to tenant's rights, if any,

dtlp.us/1RKU-QfgT-SAI7

PROPERTY ADDRESS: 1500 E Main Street, Newark, Ohio  43055                                  Page 7 of 9

unless otherwise specified. At the time Seller delivers possession, the Property will be in the same condition as the date of acceptance of this contract, except as provided in the Damage or Destruction of Property paragraph 8, normal wear and tear excepted; personal property not included in this contract; and all debris shall be removed by Seller. At closing, Seller shall pay transfer taxes and deed preparation and shall convey to Buyer marketable title to the real estate by deed in fee simple by transferable and recordable limited warranty deed (or appropriate fiduciary deed if Seller is a fiduciary), with release of dower, if any.

18. **1031 EXCHANGE:** If requested by either party, both parties will cooperate in effecting the transaction contemplated by this Agreement as a like kind exchange through a qualified intermediary in accordance with 1031 of the Internal Revenue Code.  The party requesting the 1031 Exchange shall be solely responsible for the qualification of the transaction as a 1031 Exchange at no expense or delay to the other party.

19. **DISCLOSURES:** This contract constitutes the entire agreement and no oral or implied agreement exists. Any amendments to this contract shall be in writing, signed by Buyer(s) and Seller(s) and copies provided to them. This contract shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. If this contract involves Seller financing, it may not be assigned. Time is of the essence of all provisions of this contract. All provisions of this contract shall survive the closing.

19.1 Seller has not transferred, conveyed, or reserved any coal, oil, gas, or other mineral rights or interests in the Property, except for the following (none if nothing inserted):

19.2 The Buyer, during the period of this contract, will be given the opportunity to examine the Property and upon closing shall rely solely upon the Buyer's inspections and/or tests with reference to the condition, character, and size of the Property.

19.3 It is illegal, pursuant to the Ohio Fair Housing Law, Division (H) of Section 4112.02 of the Revised Code, and the Federal Fair Housing Law, 42 U.S.C.A. 3601, as amended, to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations; refuse to negotiate for the sale or rental of housing accommodations; or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status as defined in Section 4112.01 of the Revised Code, ancestry, military status as defined in that section, disability as defined in that section, or national origin or to so discriminate in advertising the sale or rental of housing, in the financing of housing, or in the provision of real estate brokerage services.

It is also illegal, for profit, to induce or attempt to induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons belonging to one of the protected classes.

19.4 Each of the parties hereby represents and warrants to the other that it has all requisite power to enter into this contract and to perform the terms, covenants and conditions hereof; that the execution and delivery of this contract has been duly authorized by all necessary persons or entities, and when executed and delivered, this contract will be a legal, valid and binding obligation of such party, enforceable against it in accordance with its terms, and that its signatory is duly authorized and empowered to execute this contract on its behalf. Whenever a date specified herein shall fall on a weekend or legal holiday, the date shall be extended to the next business day.

PROPERTY ADDRESS: 1500 E Main Street, Newark, Ohio 43055 _____ Page 8 of 9

### 20. BROKER'S ACKNOWLEDGEMENT

(a) The parties acknowledge that there are no other Broker(s) involved in this transaction except as follows:

Buyer KW Capital Partners _____

Seller Shai Hess Commercial Real Estate LLC _____

_____

(b) Buyer's broker shall receive a commission of 3_____% of the purchase price/flat fee of
$_____, to be paid by Seller at closing.

(c) Seller's broker shall receive a commission per the listing agreement or _____
to be paid by Seller at closing.

### 21. PROFESSIONAL ADVICE AND ASSISTANCE: The parties acknowledge that the purchase of real estate encompasses many professional disciplines. While brokers possess considerable general knowledge, brokers are not experts on matters of law, tax, financing, surveying, structural conditions, hazardous materials, environmental conditions, inspections, engineering, etc. For these reasons, the parties are encouraged to seek professional advice. If the brokers provide the parties with referrals for such advice, the parties acknowledge that brokers do not warrant the services and/or products of those referrals.

### 22. NON-FOREIGN SELLER: Seller represents that at the time of acceptance of this contract and at the time of closing, Seller is not a "foreign person" as such term is defined in the Foreign Investments in Real Property Tax Act of 1980 (26 USC Section 1445(f) et seq., commonly known as "FIRPTA"). If either the sale price of the property exceeds $300,000.00, or the Buyer does not intend to use the premises as a primary residence, then, at closing, and as a condition thereto, Seller shall furnish to Buyer an affidavit, required under FIRPTA signed under penalty of perjury, containing Seller's United States Social Security and/or taxpayer identification numbers and a declaration to the effect that Seller is not a foreign person within the meaning of FIRPTA. Buyer and its agents agree to keep Seller's social security number or other taxpayer identification number confidential.

### 23. HOLIDAYS AND WEEKENDS: Should any date of a period of time or deadline set forth in the contract expire upon a weekend or government observed holiday, that date shall automatically be extended to the next business day, unless otherwise noted in the contract.

### 24. MISCELLANEOUS:

PROPERTY ADDRESS: 1500 E Main Street, Newark, Ohio 43055                        Page 9 of 9

25. **SIGNATURES:** Only manual or electronic signatures on contract documents, transmitted in original or facsimile (which includes photocopies, faxes, PDF, and scanned documents sent by any method) shall be valid for purposes of this contract and any amendments or any notices to be delivered in connection with this contract. Only original, manual signed documents shall be valid for deeds or other documents to be delivered at closing. For the purposes of this provision, "contract documents" do not include voice mail, email messages or text messages.

26. **DURATION OF OFFER AND ACCEPTANCE:** This offer shall be open for acceptance through
2:00 PM  EST _____, Month June _____ Day 11 _____ Year 2021 _____ Columbus, Ohio Time.

Buyer makes this offer on this                              Seller accepts this offer on this
10 _____ day of June _____, 2021              _____ day of _____, _____.

_____              _____
(Buyer)                                                (Seller)

By: _Bryan Stanley_  dotloop verified              By: _____
                    06/11/21 2:51 AM EDT
                    4GPJ-DUWV-KE6W-JLZS

By: _____              By: _____

Phone _____              Phone _____
Fax _____              Fax _____
Email _____              Email _____

Name of Buyer's Attorney _____              Name of Seller's Attorney _____

_____              _____

Deed to: _____

_____

**ALL PARTIES TO THIS CONTRACT MUST BE PROVIDED WITH A COPY.**

© 2020 Columbus REALTORS® – 12/16/2020

# EXHIBIT B

dotloop signature verification: dtlp.us/ruL3-V36Q-SM4L

## SECOND ADDENDUM TO PURCHASE AGREEMENT
## DATED JUNE 11, 2021

This Second Addendum entered into on January 8, 2022 ("Addendum") by and between Bryan Stanley ("Buyer") and Historic Newark Basket LLC ("Seller") sets the forth the following terms:

Buyer shall pay all associated costs for Charles G. Snyder to appraise the property up to a maximum of $7,500 (seven thousand five hundred dollars) immediately and secure an appraisal of the property on or before January 14, 2022.

Buyer shall share the appraisal with Seller immediately upon receipt.

If the appraisal is for $5.5M or above, then all contingencies pursuant to Section 5 of the contract have been met and shall be removed and Buyer is obligated to close by February 15, 2022.

If Buyer does not meet the deadline for the appraisal, then this contract extension is void.

If the appraisal is less than $5.5M, then this contract extension is void.

All other terms to remain the same.

IN WITNESS WHEREOF, said Landlord and Tenant have signed their names in duplicate this _10_ day of January, 2022.

Signed and acknowledged in the presence of:

Seller- Historic Newark Basket, LLC

Bryan Stanley

dotloop verified
01/08/22 4:49 PM EST
IQQU-YKAB-35D9-BE5F

Bryan Stanley