UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN STANLEY,

      Plaintiff,

  v.

HISTORIC NEWARK BASKET, LLC,

      Defendant.

Case No. 2:22-cv-1783
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court for consideration of Defendant Historic Newark Basket, LLC's "Motion Under Fed. R. 19 and Fed. R. 17" (ECF No. 64) and "Motion in Limine Regarding Damages" (ECF No. 63). For the reasons stated herein, the Court **DENIES** HNB's Motions.

## BACKGROUND

On May 6, 2024, this Court issued an Order granting HNB's motion for reconsideration. (Order, ECF No. 58.) Because HNB had raised the defense of Plaintiff Brian Stanley's failure to join necessary and/or indispensable parties to this litigation, the Court ordered the Parties to file supplemental briefing regarding who the indispensable parties were and why they needed to be joined. (*Id.* at PageID # 763–64.) The Court was particularly concerned that addition of Stanley's business partner—Michael Heckmann—or Stanley's co-owned Ohio corporation—The Basket, Inc.—would defeat complete diversity and divest this Court of subject matter jurisdiction. (*Id.*)

HNB filed its motion, entitled "Motion Under Fed. R. 19 and Fed. R. 17." (ECF No. 64.) In its motion, HNB clarified that it does not believe that The Basket, Inc. is a necessary or indispensable party under Federal Rule of Civil Procedure 19, but rather that The Basket, Inc. is the real party in interest under Rule 17. (*Id.* at PageID # 782.) HNB concluded by stating that its

1

motion "serves as Notice to [Stanley] that if this matter does in fact proceed to trial, without proper joinder/substitution of the real party in interest, that [HNB] will seek dismissal and fees prior to the commencement of trial." (*Id.* at PageID # 783.)

On the same day, HNB filed a motion in limine seeking to preclude Stanley from claiming damages suffered by nonparties Michael Heckmann and The Basket, Inc. (ECF No. 63.) HNB argues that Stanley has no individual damages, and that he cannot introduce damages related to The Basket, Inc. (*Id.* at PageID # 779.)

Stanley responded to each of HNB's motions. Stanley responded to HNB's Rule 17 motion by arguing that he is the real party in interest and that HNB has waived such an argument by raising it this late in the litigation. (ECF No. 72.) In response to HNB's motion in limine regarding damages, Stanley states that he has no intention of claiming damages suffered by Heckmann or The Basket, Inc. (ECF No. 76.) Stanley states that he seeks to recover the $4 million difference between the fair market value of the property at the time of closing and the purchase price he would have paid. (*Id.*) He does not seek to recover lost profits from the business venture he and Heckmann intended to pursue through The Basket, Inc. (*Id.*)

HNB's Rule 17 Motion and damages motion in limine are ripe for the Court's review.

## STANDARD OF REVIEW

I. **Federal Rule of Civil Procedure 17**

An action must be prosecuted by the real party in interest. Fed. R. Civ. P. 17(a). The real party in interest is the party who is entitled to enforce the right asserted under governing law. *Cranpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723, 730 (6th Cir. 2009). "The real party in interest analysis turns on whether the substantive law creating the right being sued upon affords the party bringing suit a substantive right to relief." *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730

2

(6th Cir. 2016) (quoting *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994)).

**II.     Motions in Limine**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence upon which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 U.S. Dist. LEXIS 116412, at *2 (S.D. Ohio Oct. 7, 2011) (Marbley, J.).

To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.). Whether to grant a motion in limine is within the discretion of the trial court. *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at *1.) The Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.*

**ANALYSIS**

Because joinder or substitution of The Basket, Inc. would divest the Court of subject matter

3

jurisdiction, the Court first addresses HNB's Rule 17 motion.  Second, the Court addresses HNB's motion in limine regarding damages.

I. **Joinder or Substitution of Parties**

Under Rule 17(a), the Federal Rules of Civil Procedure require that an action be prosecuted by the real party in interest, which is the party who is entitled to enforce the right asserted under governing law.[1]  Fed. R. Civ. P. 17(a); *Cranpark*, 821 F.3d at 730.  HNB's Rule 17 motion fails for two reasons.

First, as the Sixth Circuit has noted, "[w]hen raised late in litigation, as in this case, challenges under Rule 17(a) are generally considered waived or forfeited."  *Cranpark*, 821 F.3d at 730 (citing *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010) (collecting cases holding that "the [Rule 17] defense is waived if it is first raised during or shortly before trial")).  Here, less than a month prior to trial, HNB raises its Rule 17 argument for the first time.  HNB did not raise this defense in its Answer and never moved to dismiss or substitute Stanley prior to the Court's direction to brief the issue of necessary or indispensable parties—a separate issue which HNB conceded.  Accordingly, HNB has likely waived its Rule 17 arguments.

Second, HNB's Rule 17 motion fails on the merits.  Here, Stanley brings a breach of contract claim.  "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio."  *Thornton v. Windsor House, Inc.*, 566 N.E.2d 1220, 1223 (Ohio 1991) (citing *Visintine & Co. v. New York, Chicago, & St. Louis RR. Co.*, 160 N.E.2d 311 (Ohio 1959)).  HNB does not argue how The Basket, Inc. is afforded a substantive right to relief.  As Stanley correctly notes, he is the sole purchaser named in the Real Estate Purchase Contract.

---

[1] Because HNB abandoned its necessary and/or indispensable party argument (ECF No. 64, at PageID # 782), the Court need not address Rule 19.

4

HNB does not argue that The Basket, Inc. is an intended third-party beneficiary, nor does HNB explain why Stanley—who is indisputably the sole buyer listed on the Real Estate Purchase Contract and subsequent amendments (ECF No. 27-1, at PageID # 108–202)—is not a real party in interest.

HNB does cite an email from Stanley, wherein Stanley emailed HNB that "the property is officially being sold to The Basket, Inc." (ECF No. 64-1, at PageID # 785.) Therein, Stanley also says that his business partner, Michael Heckmann, is the majority shareholder of The Basket, Inc. and will be the responsible signing party for the sale of the property. (*Id.*) The Real Estate Purchase Contract, however, was never altered to substitute The Basket, Inc. for Stanley. (ECF No. 27-1, at PageID # 188–202.) Because the Real Estate Purchase Contract was never altered to add The Basket, Inc. or Heckmann, Stanley remained the party entitled to enforce the breach of contract claim under Ohio law.

For these reasons, the Court **DENIES** HNB's Rule 17 motion.

## II. Damages at Trial

HNB moves to exclude any evidence of damages suffered by Heckmann or The Basket, Inc. Stanley states he will not claim such damages, only seeking to recover the difference between the fair market value of the Property at the time of closing and the purchase price. These are known as expectation damages. *See* 1 OJI CV 501.33 (2024). Therefore, Stanley claims HNB's motion is moot. The Court agrees and **DENIES as moot** HNB's motion.

While Stanley's response renders HNB's motion moot, the Court finds it prudent to advise the Parties as to precisely which damages belong to Stanley and what Stanley must show. This way, the Parties may properly prepare their cases for trial.

To recover expectation damages, Stanley will have to show that he did, in fact, have financing. While an old case, *Rogers v. Simpson* is still instructive. 1908 WL 524 (Ohio Cir. Ct. Nov. 1908). There, the buyer sought damages for breach of contract during a sale of property. *Id.* at *1. The buyer was to purchase property from the seller for $800 cash and "execute notes and mortgage upon the premises for $2,100, the balance of the purchase money." *Id.* When the sale did not happen, the buyer demanded the deed, but could not show that he had the funds or executed mortgage required to purchase the land. *Id.* Because the buyer did not show that he had the purchase funds or executed mortgage, he "could make no claim for damages for breach of contract." *Id.* (citing *Raudabaugh v. Hart*, 55 N.E. 214, 219 (Ohio 1899))

Here, Stanley will have to prove that he had financing available to purchase the Property—prior to HNB's breach, of course—in order to recover the damages he seeks in this breach of contract action. *See id.*; *see also* 80 Ohio Jur. 3d Real Property Sales and Exchanges § 203.

## CONCLUSION

For the reasons stated above, the Court **DENIES** HNB's Rule 17 motion (ECF No. 64) and **DENIES as moot** HNB's motion in limine regarding damages (ECF No. 63). The Court advises the Parties that, at trial, Stanley will have to prove that he had the ability to purchase the Property at the time of closing in order to show he can recover damages for his breach of contract claim.

**IT IS SO ORDERED.**

<u>**5/17/2024**</u>                         <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                 **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**