UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN STANLEY,**

    **Plaintiff,**

    v.

**HISTORIC NEWARK BASKET, LLC,**

    **Defendant.**

Case No. 2:22-cv-1783
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court for consideration of Defendant Historic Newark Basket, LLC's Motion in Limine Regarding Owen Milnes (ECF No. 62) and Motion in Limine to Prohibit Michael Heckmann's Anticipated Testimony Regarding Alleged Mold (ECF No. 65). For the reasons stated herein, the Court **DENIES** HNB's Motions.

## BACKGROUND

This case concerns a failed real estate transaction involving the Longaberger Basket Building (the "Property"). The Court previously discussed the facts of this in its Opinion and Orders on Summary Judgment and Reconsideration. (ECF Nos. 33, 58.)

In advance of trial, HNB filed three motions in limine. The Court denied HNB's motion in limine regarding damages. (Order, ECF No. 79.) Accordingly, HNB's two remaining motions concern testimony from journalist Owen Milnes (ECF No. 62) and Michael Heckmann (ECF No. 65). Stanley filed responses opposing HNB's motions in limine. (ECF Nos. 74, 77.)

## STANDARD OF REVIEW

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has

1

noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence upon which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 U.S. Dist. LEXIS 116412, at *2 (S.D. Ohio Oct. 7, 2011) (Marbley, J.).

To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.). Whether to grant a motion in limine is within the discretion of the trial court. *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at *1.) The Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.*

Denial of a motion in limine does not mean that the evidence is guaranteed to be admitted at trial; the court will hear objections to such evidence if and when they arise at trial. *Maseru v. Univ. of Cin.*, No. 1:18-cv-106, 2022 U.S. Dist. LEXIS 188340, at *3 (S.D. Ohio Oct. 13, 2022) (citing *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010)). Further, the court may, in its discretion, alter a previous in limine ruling during trial. *Luce*, 469 U.S. at 41–42.

## ANALYSIS

First, the Court addresses HNB's motion to exclude testimony from journalist Owen

Milnes. Second, the Court considers HNB's motion to exclude testimony from Michael Heckmann regarding mold on the Property.

I.     **Owen Milnes's Testimony**

HNB seeks to exclude anticipated testimony from Owen Milnes. Milnes is a journalist who wrote multiple articles about the Longaberger Basket building and this lawsuit. (ECF No. 62, at PageID # 774.) In preparation of two articles—one published in March 2022, the other in April 2022—Milnes interviewed Steven Coon. (ECF Nos. 62, 77.)[1] Mr. Coon is one of two members of Historic Newark Basket, LLC, the defendant in this case. In the weeks following the failed closing, Mr. Coon told Milnes that he no longer wanted to sell the Property and wanted to capitalize on the "Intel project." (March Article, ECF No. 77-1, at PageID # 865.) In between the time that the Parties formed the Real Estate Purchase Contract and the failed closing, Intel announced that it would invest $20 billion in Licking County—the same county where the Property is located. (*Id.*)

HNB argues that Milnes's testimony should be excluded. Because Milnes and Mr. Coon spoke after the closing date had passed, HNB argues that there is no nexus between the statements made to Milnes and Stanley's breach of contract claim. (ECF No. 62, at PageID # 774.) Therefore, HNB requests that the Court exclude Milnes's testimony because it is irrelevant and would be "highly prejudicial." (*Id.* at PageID # 774–75.) HNB attaches a copy of Milnes's April 2022 article, published after Stanley filed the Complaint in this case. (ECF No. 62-1.)

Stanley argues that Milnes's testimony is directly relevant to whether HNB materially breached the Real Estate Purchase Contract. Materiality of a breach depends on a number of

---

[1] Stanley intends to introduce Milnes's March 2022 article regarding Mr. Coon's desire to work with Intel, not the April 2022 article regarding this lawsuit. (ECF No. 77, at PageID # 862–63.)

factors, including whether the breach was made in good faith or whether the breaching party was likely to cure its breach. Rst.2d of Contracts § 241. Thus, Stanley argues, events happening after the failed closing are relevant to the actions and intentions of the breaching party at the time of and before the closing. (ECF No. 77, at PageID # 862.) Stanley intends to introduce statements by Mr. Coon to show that his interest in keeping the Property in light of the Intel deal could explain why HNB refused to provide its mold removal report and rejected Stanley's proposal to address the mold. (*Id.*) Stanley also argues that Mr. Coon's statements could be relevant to determining damages, depending on what HNB raises as a defense. (*Id.* at PageID # 862–63.)

While neither party cites the rules on which their arguments rest, their arguments pertain to Federal Rules of Evidence 401, 402, and 403. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, Mr. Coon's statements to Milnes may be relevant to Stanley's breach of contract claim elements of material breach and damages. Mr. Coon's statements may be relevant to determining whether HNB was likely to cure its breach or whether HNB was acting in good faith around the time of closing, even if those statements were made after the failed closing. HNB does not state how the prejudice of Milnes's testimony would substantially outweigh its probative value, so the Court will not exclude it under a Rule 403 argument at this stage.

4

Because Mr. Coon's statements to Milnes may be relevant and may be admissible, the Court **DENIES** HNB's motion regarding Owen Milnes.[2]

## II.  Michael Heckmann's Testimony Regarding Mold

HNB moves to prohibit Michael Heckmann's anticipated testimony regarding "alleged mold." (ECF No. 65.)[3] HNB notes that Stanley's deadline to identify expert witnesses was February 1, 2023, and Stanley never identified experts in the case. (*Id.* (citing ECF No. 19).) Therefore, HNB argues that Heckmann should not be permitted to opine on mold because "he is not a mold expert and has not been identified as an expert regarding mold." (*Id.*) Finally, Stanley argues that the Real Estate Purchase Contract only permitted Stanley to examine or inspect the Property, and that Stanley is contractually prohibited from using Heckmann, as a third party, to inspect the Property. (*Id.* at PageID # 787 (citing Compl., ECF No. 1, at PageID # 14.)

Stanley counters by noting that Heckmann is offered as a fact witness and that the Sixth Circuit has held that fact witnesses can opine on mold that they observe:

> Next, the Carpenters argue that Liberty's inspector was not qualified to opine on the presence of mold. But it doesn't take "scientific, technical, or other specialized knowledge" to conclude the basement had mold. Fed. R. Evid. 701. Mold visibly coated their basement floor and stairwell. And both Liberty's employee and its consultant personally saw the mold, so their opinions about it are admissible.

*Carpenter v. Liberty Ins. Corp.*, No. 22-3508, 2023 WL 6389041, at *3 (6th Cir. Oct. 2, 2023).

Finally, Stanley argues that Heckmann is a competent fact witness even though he was not the Buyer on the Real Estate Purchase Contract. (ECF No. 74, at PageID # 854–55.) Stanley

---

[2]  While Mr. Coon's statements to Milnes are prior out of court statements admissible as statements by a party-opponent under Rule 801(d)(2), Milnes's articles themselves are likely inadmissible hearsay. Fed. R. Evid. 801(d)(2), 802. The Parties did not raise hearsay arguments in their briefing.

[3]  As Stanley notes, in HNB's briefing on reconsideration, it conceded that mold was present on the property and hired a mold removal expert to address it. (HNB Suppl. Br., ECF No. 50, at PageID # 579.) Accordingly, the presence of mold is established as undisputed fact.

argues that the Real Estate Purchase Contract did not prohibit him from relying on Heckmann's observations, and that Heckmann was present on the Property with HNB's permission. (*Id.*) Stanley characterizes the contractual provision at issue—Section 14—as a standard disclaimer of warranties that "prevents the buyer from saying he relied on the seller's description of a condition of the property." (*Id.* (citing Compl., ECF No. 1, at PageID # 14).)

The Court is persuaded by Stanley's arguments. Heckmann is not offered as a witness to opine on scientific, technical, or other specialized knowledge regarding the severity of mold present on the Property; he is offered as a fact witness to testify regarding his personal observations of mold. Such testimony is admissible without an expert. *Carpenter*, 2023 WL 6389041, at *3.

The Court is not persuaded by HNB's argument that Stanley was contractually prohibited from having Heckmann inspect the Property. HNB permitted Heckmann to visit the Property the day prior to closing. Section 14 of the Real Estate Purchase Contract, entitled "Buyer's Examination," merely states:

> Buyer is relying solely upon Buyer's own examination of the Property and Inspections herein required, if any, concerning physical condition, character, size, and suitability of Buyer's intended use.
>
> This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein. Time is of the essence for all provisions of this Contract. All provisions of this contract shall survive the closing. Buyer is not relying upon any representations by the Broker(s).

(Compl., ECF No. 1, at PageID # 14.) As Stanley argues, the Court interprets this clause as prohibiting Stanley from claiming he relied on HNB's—or its broker's—representations. This clause is a standard warranty disclaimer.

Because Mr. Heckmann's testimony regarding his own personal observations of mold may be admissible, the Court **DENIES** HNB's motion.

## CONCLUSION

For the reasons stated above, the Court **DENIES** HNB's remaining motions in limine. (ECF Nos. 62, 65.)

**IT IS SO ORDERED.**

<u>**5/23/2024**</u>                                        <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**